Louis M. Diesel (003595)
Jason J. Bliss (018246)
**ASPEY WATKINS & DIESEL, PLLC**
123 N. San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
Telephone: (928) 774-1478
Email: LDiesel@awdlaw.com
JBliss@awdlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Abrehet T. Wise, surviving wife of decedent Robert Todd DeHardy, on her own behalf and on behalf of all statutory wrongful death beneficiaries, including Barbara Wise Doyle, surviving mother of Robert Todd DeHardy and Rachael Breck, Lindy Wise, Brooke Wise, S.W., and B.W., surviving children of Robert Todd DeHardy,<br><br>　　　　　Plaintiff,<br>　vs.<br>United States of America,<br>　　　　　Defendant. | No. CV-19-08013-PCT-DJH<br><br>**COMPLAINT** |

Plaintiff Abrehet T. Wise, surviving spouse of decedent Robert Todd DeHardy, on her own behalf and on behalf of all statutory wrongful death beneficiaries, for her claims against Defendant United States of America, alleges as follows:

**I.   JURISDICTION AND VENUE**

1. This is a claim for negligence and wrongful death pursuant to the Federal Tort Claims Act, United States Code ("U.S.C.") sections 28 U.S.C. §§ 2671 et. seq.

2. This action involves the torts of a Navajo Nation law enforcement officer, employed by the Navajo Nation Police Department, Navajo Nation Division of Public Safety. Upon information and belief, the Navajo Division of Public Safety conducts law enforcement on the Navajo Nation pursuant to a contract or contracts with the Bureau of Indian Affairs ("B.I.A.") under the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), Public Law 93-638 (hereinafter "638 Contract").

3. Congress has provided that the United States subjects itself to suit under the Federal Tort Claims Act ("FTCA") for torts of tribal employees hired and acting pursuant to such 638 Contracts.

4. This is a tort action alleging the torts of a Navajo Nation employee hired and acting pursuant to a 638 contract or contracts with the United States. This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

5. Plaintiff is a resident of the state of Oklahoma. The acts or omissions complained of in this civil action occurred within the District of Arizona. Venue in the District of Arizona is appropriate pursuant to 28 U.S.C. § 1402(b).

## II.     PARTIES

6. Plaintiff Abrehet T. Wise (born 1986), is the surviving spouse of decedent Robert Todd DeHardy (born 1960). Pursuant to Arizona Revised States (A.R.S.) § 12-612(A), Plaintiff brings this suit on her own behalf and on behalf of all statutory wrongful

death beneficiaries, including Robert Todd DeHardy's surviving mother, Barbara Wise Doyle (born 1940), and surviving children: Rachael Breck (born 1984), Brooke Wise (born 1995), Lindy Wise (born 1997), S.W. (born 2015), and B.W. (born 2018).

7. Zachary E. Tsosie is an officer for the Navajo Nation Police Department, Navajo Nation Division of Public Safety, and is upon information and belief a tribal employee hired and acting pursuant to a 638 contract or contracts with the Bureau of Indian Affairs ("B.I.A.").

8. The United States is a proper Defendant because Congress has provided that the United States subjects itself to suit under the FTCA for torts of tribal employees hired and acting pursuant to 638 contracts.

### III.   FACTUAL ALLEGATIONS

9. This civil action arises out of the negligent acts and omissions of a tribal employee, Zachary E. Tsosie, hired and acting pursuant to a 638 contract or contracts with the BIA.

10. On December 31, 2017, Navajo Nation Police Officer Zachary E. Tsosie was driving southbound on US 191 in response to a call from Pinon where an officer was reported to be holding a suspect at gunpoint.

11. At the same time and place above, Robert Todd DeHardy was driving eastbound on Indian Route 102 towards the intersection with US 191.

12. Officer Zachary E. Tsosie was operating his police radio in order to advise that he was in route and admitted in a January 5, 2018 interview with Arizona Department

of Public Safety ("DPS") officer T. Humphrey that "he wasn't paying attention as he was listening to the police radio and his mind was in Pinon with the other officer."

13. Officer Zachary E. Tsosie was approaching U.S. 191 and Indian Route 102 intersection and saw Robert Todd DeHardy's vehicle stopped on eastbound Indian Route 102, and "figured he was clear to proceed."

14. As Officer Zachary E. Tsosie got closer to the intersection, he saw Robert Todd DeHardy's vehicle enter the intersection from Indian Route 102.

15. Officer Zachary E. Tsosie swerved left in an attempt to avoid the collision with Robert Todd DeHardy's vehicle.

16. Officer Zachary E. Tsosie was unable to avoid a collision with Robert Todd Dehardy's vehicle and the two cars collided, with Officer Zackary E. Tsosie striking the front-end driver side door of Robert Todd Dehardy's vehicle.

17. Mr. Robert Todd DeHardy died as a result of this collision.

18. On January 5, 2018 Arizona DPS officer T. Humphrey interviewed Officer Zachary E. Tsosie about the collision.

19. The above-mentioned interview states: "He [Officer Tsosie] stated he wasn't really paying attention to the light [traffic light], his mind was out in Pinon with the other officer. When he saw the vehicle entering the intersection he thinks maybe the light had changed and that is why the vehicle entered the intersection; he was unsure though…I [Trooper T. Humphrey] asked him [Officer Tsosie] approximately how fast he was

4

traveling, he estimated 75-80 miles per hour, but did not know for sure; it happened really quick."

20. Officer Zachary E. Tsosie was working in the course and scope of his duties for the Navajo Nation Police Department, Navajo Nation Division of Public Safety, at the time of this collision.

21. Officer Zachary E. Tsosie admitted to driving in a distracted manner just prior to the collision.

22. Officer Zachary E. Tsosie's negligence caused Robert Todd DeHardy's death.

23. On or about June 27, 2018 and pursuant to 28 U.S.C. § 2675, Plaintiff presented her claim to the Bureau of Indian Affairs alleging that the negligent and/or wrongful acts and omissions of Zachary Tsosie, a tribal employee hired and acting pursuant to a 638 contract or contracts, among other tortfeasors, contributed to causing Robert Todd DeHardy's death, and authorizing settlement for a total sum of thirty two million dollars (ten million to Abrehet T. Wise, five million to each of his children with Abrehet T. Wise, 3 million to his mother, and 3 million to each of his three adult children from an earlier marriage).

24. The BIA did not make final disposition of the claim within six months after Plaintiff's submission, and pursuant to 28 U.S.C. § 2675 Plaintiff therefore deems the BIA's inaction as a denial of the claim.

///

**Cause of Action One: Negligence**

25. Plaintiff incorporates all previous allegations as if the same were fully set forth at this point.

26. Pursuant to 28 U.S.C. § 1346(b), the United States shall be liable for money damages for death caused by the negligent or wrongful act or omission of any employee of the United States or, as in this case, any tribal employee hired and acting pursuant to a 638 contract or contracts, and while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

27. The collision occurred in Arizona, and therefore Arizona law governs the United States' liability to Plaintiff and the other wrongful death beneficiaries on whose behalf Plaintiff brings claims.

28. Pursuant to 28 U.S.C. § 2674 the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances for the negligent and/or wrongful acts and omissions of its employees.

29. Zachary Tsosie and other Navajo Nation Division of Public Safety employees, among other things and as discovery may reveal, had a duty of care to the driving public in Arizona.

30. As described above, the Zachary Tsosie breached these duties and failed to ensure the safety of the public by driving distractedly and negligently.

31. Upon information and belief, Zachary Tsosie was acting within the scope of

his office or employment in conducting all activities arising out of or related to the Collision.

### Cause of Action Two: Negligence Per Se

32. Plaintiff incorporates all previous allegations as if the same were fully set forth at this point.

33. Discovery may reveal and/or the evidence may show that the Zachary Tsosie violated various federal and/or state statutes, regulations, policies or other standards in connection with the Collision described above.

34. Discovery may reveal and/or the evidence may show that these statutes, regulations, policies, or other standards are standards enacted for the protection and safety of the public.

35. Plaintiff and the other wrongful death beneficiaries upon whose behalf Plaintiff brings claims fall within the class of persons these statutes, regulations, policies or other standards are intended to protect.

36. Discovery may reveal and/or the evidence may show that these statutes, regulations, policies or other standards are intended to protect members of the driving public in Arizona.

37. Among other tortfeasors, Zachary Tsosie's violation of these statutes, regulations, policies or other standards, as the evidence may reveal, contributed to the cause of Robert Todd DeHardy's tragic death, and Plaintiff and the other wrongful death beneficiaries have suffered injuries and damages as will be proven at trial.

38. This Court should adopt as the standard of care of a reasonable man the requirements of these statutes, regulations, written procedures, protocols, or other standards, and any violations thereof should constitute negligence per se.

WHEREFORE, Plaintiff prays for judgment on behalf of all wrongful death beneficiaries and against the United States as follows:

A. For the loss of love, affection, companionship, care, protection, and guidance since the death and in the future;

B. For the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future;

C. The income and services that have already been lost as a result of the death, and that are reasonably probable to be lost in the future;

D. For punitive and/or exemplary damages as permitted by law and as warranted by the evidence;

E. For Plaintiff's costs incurred herein and accruing; and

F. For such further relief as the Court deems proper.

DATED this 18th day of January, 2019

**ASPEY, WATKINS & DIESEL, PLLC**

/s/ Louis M. Diesel
Louis M. Diesel
Jason J. Bliss
*Attorneys for Plaintiff*